58 CCPA

**Application of Donald L. SELLMAN.**
**Patent Appeal No. 8438.**

United States Court of Customs
and Patent Appeals.

Feb. 18, 1971.

Rehearing Denied April 22, 1971.

Donald L. Sellman, pro se.

S. Wm. Cochran, Washington, D. C.,
for the Commissioner of Patents; R. V.
Lupo, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN,
and LANE, Judges, and FORD, Judge,
United States Customs Court, sitting by
designation.

RICH, Judge.

This appeal is from the decision of the
Patent Office Board of Appeals affirm-
ing the rejection of claims 1–5 in appli-
cation serial No. 622,304, filed March 10,
1967, for "Fuel Flow Control System."

I. Interference with fuel flow due to re-
placement of liquid fuel with fuel vapor
in the system.

2. "Percolating" is said to be boiling or
vaporizing of fuel in the carburetor fuel
bowl.

According to the examiner, the applica-
tion is a continuation-in-part of serial
No. 371,494, filed June 1, 1964, now
abandoned. We affirm.

The invention relates to fuel systems
for gasoline engines and is intended to
prevent vapor lock,[1] "percolating," [2] and
"slugging," [3] particularly in modern en-
gines having downdraft carburetors and
diaphragm fuel pumps, said to be subject
to the foregoing difficulties when hot.
Applicant undertakes to solve these dif-
ficulties by providing one or two closed
vessels, each having a fuel inlet at the
top and a fuel outlet at the bottom, locat-
ed above the fuel bowl of the carburetor
or above the fuel pump or both, so that
fuel may move to one or both of these
units by gravity from the closed vessel,
gas bubbles, if present, accumulating in
the top or dome of the chamber.

Applicant's Fig. IV, below, shows dia-
grammatically what he claims, the car-
buretor being 4, the fuel pump 6, the
closed vessels 1, and the fuel lines 7 and
8. Fuel flow is, of course, through the
path 8, 1, 6, 7, 1, 4.

*Fig IV*

[A3652]

His explanation of the claims is that
claims 1 and 2 are complete combination
claims and claims 3, 4, and 5 are sub-
combination claims, claim 1 being a com-

3. "Slugging" is pushing slugs of liquid fuel
through the carburetor discharge nozzle
by large gas bubbles.

bination of claims 3 and 4 and claim 2 a combination of claims 3 and 5. Claim 3 recites only the vessel 1 associated with the fuel pump 6 and claim 5 only the vessel 1 associated with the carburetor 4. Claim 4 is like claim 5 but also states that the vessel inlet is connected to the pump outlet.

Claim 1 reads:

1. A fuel flow control system for internal combustion engines having a diaphragm type fuel pump and a down-draft carburetor comprising in combination;

(a) two closed vessels connected in the fuel conduit through which all of the fuel flows;

(b) one vessel located substantially above the carburetor fuel bowl and whose outlet is in series with the float controlled carburetor fuel bowl inlet valve,

the inlet opening of said vessel connected in series by the fuel conduit to the output of the fuel pump,

said vessel inlet opening being substantially above said outlet opening so that liquid fuel will flow by gravity from the inlet of said vessel through the bottom opening of said vessel into the float controlled valve opening of the carburetor fuel bowl;

(c) and the other vessel located in the fuel conduit in series between the main supply tank and the intake of the fuel pump,

having the outlet of said vessel substantially on the same level as the fuel pump inlet,

said vessel inlet opening being substantially above said vessel outlet opening so that liquid fuel will flow by gravity from the top opening of said vessel through the bottom opening of said vessel into said fuel pump inlet opening.

The references relied on are:

| | | |
|---|---|---|
| Bright | 1,374,983 | Apr. 19, 1921 |
| Basle | 1,408,163 | Feb. 28, 1922 |
| La Bour | 1,578,236 | Mar. 23, 1926 |
| McInnerney | 2,253,717 | Aug. 26, 1941 |
| Jordan | 2,969,110 | Jan. 24, 1961 |

Claims 1 and 2 stand rejected as unpatentable over McInnerney or Basle in view of La Bour and Jordan, claim 3 as unpatentable over La Bour and Jordan, claim 4 as unpatentable over Basle in view of Bright, and claim 5 as unpatentable over McInnerney or Basle.

The essence of appellant's argument for the patentability of his claimed invention is that he is controlling or preventing *percolation* in a carburetor by providing *gravity flow* of fuel from the vessel which he positions above the float chamber of the carburetor; and he is controlling or preventing vapor lock in a diaphragm-type fuel pump by *gravity flow* of fuel to the pump from the vessel he positions in advance of the pump. He claims these arrangements separately in claims 3, 4, and 5 and he claims them together in claims 1 and 2. But however he claims them, it comes down to the fundamental idea of providing gravity flow of fuel which he seems to feel is a novel suggestion, at least for his purposes.

Basle discloses an auxiliary fuel reservoir with an inlet at the top and an outlet at the bottom into which gasoline is sucked from the main fuel tank of an automobile by a pump. The reservoir is positioned above the carburetor and the fuel flows to the float chamber of the carburetor by gravity. Any flow from the reservoir would tend to create a vacuum and suck fuel from the main tank.

McInnerney, who was concerned with preventing vapor lock, shows a chamber having an outlet from its bottom which connects to the float chamber of a carburetor and an inlet which is well above its bottom connected to the outlet of a diaphragm-type fuel pump, the purpose

of the chamber, which is provided with cooling fins, being to condense any vaporized fuel. The liquid fuel is stored in the chamber above the carburetor inlet and flows thereto by gravity. Appellant says this is not so but we consider that he is misinterpreting the patent in this respect.

Appellant refers to certain check valves in McInnerney and Basle but we agree with the Patent Office Solicitor's statement that "the check valves in Basle and McInnerney do not impede the inherent gravity flow of liquid through the respective vessels during their operation."

As for those claims which include or are directed to the feature of placing the gravity-feeding, fuel-supply vessel between the main fuel tank and the fuel pump, Jordan shows such a *location* of an auxiliary fuel tank, though in the drawing it is *below* the fuel pump. La Bour is relied on for its showing in a centrifugal liquid pump structure of a holding tank for a supply of liquid maintained *above* the pump inlet for priming purposes and fed to the pump on start-up by gravity. Jordan, moreover, as the solicitor points out, suggests a wide latitude in the location of his reservoir, saying "this vessel may be located ahead of, in line with, or rearwardly of the fuel pump." We think La Bour would make it obvious to locate it above the pump inlet. Nothing in Jordan suggests it would be undesirable to do so.

The Bright reference calls for no special comment. It shows a complex vacuum-tank type of automobile fuel supply but was cited only for the disclosure of a secondary fuel supply tank mounted above the float chamber of the carburetor for gravity feed thereto.

We have carefully considered appellant's extensive arguments on the facts and the law but, considering the breadth of his claims, the essential simplicity of the concepts relied on for patentability, and the closeness of the teachings of the prior art references with respect to those concepts, we are unable to find error in

the conclusion of the Patent Office that the claimed subject matter is obvious within the meaning of 35 U.S.C. § 103.

The decision of the board is affirmed.

Affirmed.